PEOPLE ex rel. ASHLEY v. COMR'S. OF HIGHWAYS.    463

Second Department, December Term, 1886.

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM B. ASHLEY, Appellant, v. THE COMMISSIONERS OF HIGHWAYS OF THE TOWN OF EAST FISHKILL, Respondent.

*Laying out and opening of a highway—Commissioners of highways will not be compelled to do so, if the public will derive no benefit from it.*

The dwelling-house and out-buildings of the relator are located about 375 feet northerly of a public highway in the town of East Fishkill, access thereto being obtained by means of a private way across the land of another private owner, and the land of a railroad company. In 1886 proceedings were instituted by the relator to procure a public highway two rods wide from his residence to the old road, and all the steps and measures required by the law were taken for that purpose and the jury certified to the necessity of the improvement, and the certificate of the jury was delivered to the commissioners of highways of the town, who forthwith filed it with the town clerk.

The relator thereupon released all claim for damages to result from the improvement, and agreed to fence the road and indemnify the town against all damages and all expenses of litigation. The highway commissioners having refused to lay out the road, the relator applied for a peremptory writ of *mandamus* commanding them to do so.

*Held,* that the motion was properly denied, as it appeared that the road, if laid out and opened, would be beneficial to the relator only and not to the general public, while the burden of its construction and maintenance would be imposed upon the town.

Appeal from an order made at the Dutchess County Special Term denying a motion made by the relator for a peremptory *mandamus* requiring the commissioners of highways of the town of East Fishkill to lay out a certain highway in said town, as determined by the certificate of eleven jurors filed in the office of the clerk of said town on February 6, 1886.

*Herrick & Losey,* for the appellant.

*O. D. M. Baker,* for the commissioners, respondents.

*W. C. Anthony,* for the New York and New England Railroad Company.

Dykman, J.:

The dwelling-house and out-buildings of the relator are located on the northerly side of a public highway in the town of East Fish-

464 PEOPLE ex rel. ASHLEY v. COMR'S. OF HIGHWAYS.

SECOND DEPARTMENT, DECEMBER TERM, 1886.

kill, and about 375 feet therefrom. Access to his residence from that highway is now obtained by him by means of a private way across the land of another private owner and the land of the New England Railroad Company. His way is laid across the railroad at grade, and also across a natural stream of water, about fifteen feet in width. It is two rods wide, and gates are maintained upon it on each side of the track of the railroad.

In the month of January, 1886, proceedings were instituted by the relator to procure a public highway, two rods wide, from his residence to the old road, and all the steps and measures required by the law were taken for that purpose, and the jury certified to the necessity of the improvement and delivered the certificate of the jury to the commissioners of highways of the town, and they forthwith filed it with the town clerk. The relator thereupon released all claim for damages to result from the improvement, and agreed to fence the road and indemnify the town against all damages and all expenses of litigation. Still the highway commissioners refused to lay out the road, and the relator applied to the Special Term for a peremptory writ of *mandamus* which should command them to do so, and his motion was denied, and he appealed from the order of denial.

From the foregoing statement it is plainly seen that the commissioners of highways are subserving the interest of their town by refusing to follow the certificate of the jury and lay out the proposed highway. If laid out and opened it would be beneficial to the relator alone, and not to the general public, and the burden of its construction and maintenance would be imposed upon the town for the accommodation of one person. It is true the relator has executed a personal undertaking to defray the expenses of the improvement, but the validity of the instrument is quite doubtful, and in our view it should be allowed no influence. The highway, if constructed, would be substantially for a private purpose, to furnish the relator with an unobstructed way from his house to the road, and in our view the compulsory power of this court should not be exerted for the accomplishment of that object.

Our conclusion, therefore, is that the public interests and the purposes of justice will be best subserved by withholding the writ. This view renders further examination of the questions involved

unnecessary, and we think the order should be affirmed, with ten dollars costs and disbursements.

PRATT, J., concurred in result ; BARNARD, P. J., not sitting.

Order affirmed, with ten dollars costs, besides disbursements.